IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAMON ELLIOTT, # 31034-037 | : | Criminal No. PJM-97-053 |
| | : | Civil No. PJM-07-2018 |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA | : | |

o0o

**MEMORANDUM OPINION**

Before the Court is a pro se "Motion for Immediate Release" filed by Damon Elliott, an inmate at the United States Penitentiary in Beaumont, Texas. The motion shall be construed as a petition for federal habeas corpus relief under 28 U.S.C. §2255, and dismissed without prejudice for lack of jurisdiction.

On November 11, 1997, the Court sentenced Elliott to 189 months incarceration after a jury found him guilty of aggravated sexual abuse in violation of 18 U.S.C. §2241. The judgment was affirmed on appeal. The Court denied Elliott's first 28 U.S.C. §2255 Motion to Vacate, Set Aside or Correct Sentence on April 5, 2000. The Fourth Circuit later denied Elliott's request for a certificate of appealability.

Petitioner now seeks to challenge the validity of his criminal conviction. He claims that "the Court is holding defendant illegally because there is no property address of 3696 Sellman Road, Beltsville, Maryland," an address for a building cited by a government witness as belonging to the Department of Agriculture.

The Petition clearly challenges the validity of Elliott's conviction and sentence, and is properly construed pursuant to 28 U.S.C. §2255. Regardless of the label used by Elliott, the subject matter of the motion, and not its title, determines its status. *See e.g., Calderon v. Thompson*, 523

U.S. 538, 554 (1998). As such, this pleading is Elliott's second § 2255 petition.

Second or successive §2255 petitions may not be filed absent authorization to do so from the Court of Appeals. *See* 28 U.S.C. §§2244(b)(3)(A)& 2255; *In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (*en banc*). Such authorization is granted only if the second or successive motion contains a claim involving:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. §2255

In this case, Elliott does not demonstrate that he has obtained the requisite authorization from the United States Court of Appeals for the Fourth Circuit.[1] Accordingly, the Court will dismiss the Petition without prejudice for lack of jurisdiction. A separate Order follows.

/s/
_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

---

[1] The Court will direct the Clerk to mail information to Elliott explaining how to request authorization to file a second §2255 petition from the United States Court of Appeals for the Fourth Circuit.