IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **DAMON ELLIOTT,**   # 31034-037 | * | |
| | * | |
| | * | |
| Plaintiff | * | |
| | * | Criminal No. PJM 97-053 |
| v. | * | Civil No. PJM 07-2018 |
| | * | |
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| Defendant | * | |

**MEMORANDUM OPINION**

Before the Court are various motions filed by Damon Elliott in the above-captioned 28 U.S.C. § 2255 proceeding seeking reconsideration of his judgment and sentence and immediate release.

After review of the Motions and applicable law, the Court finds that Elliott's Motions (Paper Nos. 114, 115, 116, 117, 118, 119, 121, 122, 136, 137 and 138) are properly construed as successive Petitions to Vacate, Set Aside or Correct under 28 U.S.C. § 2255.  As Elliott has not obtained the required authorization from the United States Court of Appeals for the Fourth Circuit for consideration of a successive petition, these motions are **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction**.**

Further, the Court has reviewed Elliott's Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense Under 18 U.S.C. § 3582 (Paper No. 130). The Court finds that Elliott is not eligible under U.S.C. §3582(c)(2) based on Amendment No. 706 to the United States Sentencing Guidelines related to cocaine base ("crack") offenses to receive a

reduction, as his conviction was not a drug related conviction.  Thus, Amendment No. 706 is inapplicable.  This Motion (Paper No. 130) is therefore **DENIED**.

## Procedural Background

On November 11, 1997, the Court sentenced Elliott to 189 months incarceration after a jury found him guilty of aggravated sexual abuse in violation of 18 U.S.C. § 2241.  The judgment was affirmed on appeal.  The Court denied Elliott's first 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence on April 5, 2000.  The Fourth Circuit later denied Elliott's request for a certificate of appealability.  Eliott's previous petitions under 28 U.S.C. § 2255 have been dismissed without prejudice, as they were construed as successive § 2255 motions filed without prior Fourth Circuit Authorization.  *See* Civil Action no. PJM 08-11, *Elliott v. United States of America* (D. Md.); Civil Action PJM 07-2489, *Elliott v. United States of America* (D. Md.), Civil Action PJM 07-2689, *Elliott v. United States of America* (D. Md.); Civil Action PJM 06-2072, and *Elliott v. United States of America* (D. Md.).

## Analysis

The purpose of Elliott's pending motions varies from "it is reasonably probable that the jury verdict would have been more favroable if the DNA test results had been available," to "petitioner would have been found not guilty had prosecution not intentionally used perjury testimony and false documents."  But his claim that the Court should overturn his conviction and authorize his immediate release, remains the same.  Where, as here, pleadings clearly challenge the validity of a petitioner's underlying conviction and sentence, a §2255 motion is the appropriate legal proceeding to request relief.  *See In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000); *In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997) (*en banc*).  Regardless of the label used by Elliott, the subject matter of the motion, and not the title he assigns, determines its status.  *See*

*Calderon v. Thompson*, 523 U.S. 538, 554 (1998); *see also United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003) (ruling that courts must not allow prisoners to circumvent procedural and substantive limitations on successive §2255 petitions by attaching other labels to the pleading).

Successive §2255 petitions may not be filed absent authorization to do so from the Court of Appeals. *See* 28 U.S.C. §§2244(b)(3)(A)& 2255; *In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (*en banc*). Such authorization is granted only if the successive motion contains a claim involving:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. §2255.

Elliott does not demonstrate that he has obtained the requisite authorization from the United States Court of Appeals for the Fourth Circuit. Accordingly, the Court will dismiss the Petition without prejudice for lack of jurisdiction. A separate Order follows.

                                                            /s/
                                      **PETER J. MESSITTE**
                              **UNITED STATES DISTRICT JUDGE**

October 6, 2008