**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| DAMON ELLIOTT, # 31034-037 | : | Criminal No. PJM-97-053 |
| | : | Civil No. PJM-08-3291 |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA | : | |
| | o0o | |

**MEMORANDUM OPINION**

Before the Court is a motion filed pro se by Damon Elliott, challenging the validity of his criminal conviction. The Court finds that the motion is properly construed as a successive Petition to Vacate, Set Aside or Correct under 28 U.S.C. §2255. Elliott does not demonstrate that he has obtained the prerequisite authorization from the United States Court of Appeals for the Fourth Circuit for consideration of a successive petition. Consequently, the Court will dismiss the Petition without prejudice for lack of jurisdiction.

**Procedural Background**

On November 11, 1997, the Court sentenced Elliott to 189 months incarceration after a jury found him guilty of aggravated sexual abuse in violation of 18 U.S.C. §2241. The judgment was affirmed on appeal. The Court denied Elliott's first 28 U.S.C. §2255 Motion to Vacate, Set Aside or Correct Sentence on April 5, 2000. The Fourth Circuit later denied Elliott's request for a certificate of appealability. Elliott's previous attempts to collaterally challenge his sentence and conviction based on allegedly improper map boundaries introduced at trial were dismissed without prejudice after they were construed as successive §2255 motions filed without prior Fourth Circuit authorization. *See* Civil Action No. PJM-07-2018, *Elliott v. United States of America* (D. Md.); Civil Action PJM-07-2489, *Elliott v. United States of America* (D. Md.).

**Analysis**

Where, as here, a pleading clearly challenges the validity of a petitioner's underlying conviction and sentence, a §2255 motion is the appropriate legal proceeding to request relief. *See*

*In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000); *In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997) (*en banc*). Regardless of the label used by Elliott, the subject matter of the motion, and not the title he assigns, determines its status. *See Calderon v. Thompson*, 523 U.S. 538, 554 (1998); *see also United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003) (ruling that courts must not allow prisoners to circumvent procedural and substantive limitations on successive §2255 petitions by attaching other labels to the pleading). Under these facts, the instant pleading is a successive §2255 petition.

Successive §2255 petitions may not be filed absent authorization to do so from the Court of Appeals. *See* 28 U.S.C. §§2244(b)(3)(A)& 2255; *In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (*en banc*). Such authorization is granted only if the successive motion contains a claim involving:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. §2255.

Elliott does not demonstrate that he has obtained the requisite authorization from the United States Court of Appeals for the Fourth Circuit.[1] Accordingly, the Court will dismiss the Petition without prejudice for lack of jurisdiction. A separate Order follows.

/s/<br>
ALEXANDER WILLIAMS, JR.<br>
FOR<br>
PETER J. MESSITTE<br>
UNITED STATES DISTRICT JUDGE

December 12, 2008

---

[1] Elliott was previously provided information explaining how to request authorization to file a successive §2255 petition. *See* Civil Action No. PJM-07-2018, *Elliott v. USA (D. Md.)*.