IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAMON EMANUEL ELLIOTT | * | |
| *Petitioner*, | * | |
| v. | * | Criminal No. **PJM 97-53** |
| UNITED STATES OF AMERICA | * | |

**MEMORANDUM OPINION**

Damon Elliott, *pro se*, has filed several Motions to Appoint Counsel (ECF Nos. 524, 534, 551, 563, 564), a Motion to Appoint Title Company (ECF No. 533), a Motion for Expert (ECF No. 518), and a Motion for Compassionate Release (ECF No. 519). Most of these Motions relate to his claim, raised on numerous occasions over the past two decades, that he did not commit a federal crime because the property where the offense occurred was not owned by the federal government or does not exist, or that his counsel at trial failed to raise these points and that investigation of some is needed now. His Motion for Compassionate Release appears to raise the risk of Covid-19 as the basis for relief. For the reasons that follow, the Motions are all **DENIED**.

**I.    BACKGROUND**

On August 29, 1997, a jury convicted Elliott of one count of aggravated sexual abuse and acquitted him of one count of aggravated sexual abuse and one count of abusive sexual contact. He was sentenced to 189 months incarceration to be followed by five years of supervised release. His conviction was affirmed on appeal. *See United States v. Elliott*, 153 F.3d 723 (4th Cir. 1998) (Table). He has been in custody since February 1997. Over the course of the past two decades this Court has on numerous occasions considered and rejected Elliott's claims that there was

insufficient evidence that Elliott's offense occurred on government property or that his counsel was ineffective for failing to investigate or challenge federal jurisdiction, most of which were presented as motions to vacate under 28 U.S.C. § 2255. *See* ECF Nos. 289, 275, 264, 233, 223, 212, 191, 179, 167, 155, 143, 125, 112, 100, 89, 85, 67, 41. His many attempts to appeal various rulings of this Court have also been rejected. *See, e.g.*, ECF Nos. 561, 552.[1]

## II.  DISCUSSION

Elliott's latest Motions to Appoint Counsel are founded on his undiminished desire to seek collateral relief based on the same arguments he has made time and again disputing the location of his offense and the Government's ownership of the property. Although he cites 18 U.S.C. § 3599 as one basis for his Motions, this statute only applies post-conviction in cases in which a death sentence has been imposed. *See* 18 U.S.C. § 3599 (a). He also cites 18 U.S.C. § 3006, which provides for appointment of counsel for indigent defendants through appeal. But Elliott's appeal has long been concluded. A court may provide counsel for an indigent inmate pursuing a petition for habeas corpus "that the court determines that the interests of justice so require," 18 U.S.C. § 3006A(a) (2)(B), but Elliott has no outstanding petition for habeas corpus. Indeed, his repeated attempts to file such motions have all been rejected. *See, e.g.*, ECF Nos. 357, 450, 462, 464, 507, 561 (denying leave to file successive habeas applications). Moreover, there is no Sixth Amendment right to counsel to pursue a petition for collateral relief. *See Pennsylvania v. Finely*, 481 U.S. 551, 555 (1987). Most fundamentally, there is no basis for investigation or further motions as Elliott claims, and therefore the Court declines to appoint counsel. The Court notes, incidentally, that

---

[1] As of May 27, 2022, there are 564 docket entries in this case.

Elliott's release date, August 2, 2023, is not so distant in the future. *See* Federal Bureau of Prisons, https://bop.gov/inmateloc/ (last visited June 2, 2022).

Elliott's Motion for Expert (ECF No. 518) and Motion to Appoint Title Company (ECF No. 533) likewise seek the appointment of experts to investigate Elliott's dubious claims regarding the location of the property where he committed the crime. As the Court has explained more than once before, these claims wholly lack merit. There is no reason to appoint an expert or title company to pursue Elliott's far-fetched arguments. Therefore, these motions are denied.

As for his Motion for Compassionate release, in a mere three-sentences, Elliott asks for release on the basis of Covid-19 risk. Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." *See* 18 U.S.C. § 3582(c); *United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020). An exception to this rule is the First Step Act, 18 U.C.S. § 3582(c)(1)(A), which allows the court to act on a motion for compassionate release filed by a prisoner. *See United States v. McCoy*, 981 F.3d 271, 274 (4th Cir. 2020). To grant relief, two conditions must be met: (1) the movant must present extraordinary and compelling circumstances; and (2) relief must be consistent with the sentencing factors outlined in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A)(i). As a threshold issue, a prisoner must have fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf. 18 U.S.C. § 3582(c)(1)(A).

The Fourth Circuit has recognized that "COVID-19 raises medical issues in the prison context that are particularly serious — it is highly communicable; it is aggravated by certain other medical conditions; and it can be lethal." *United States v. High*, 997 F.3d 181, 185 (4th Cir. 2021). Accordingly, courts have granted release in certain cases where petitioners have demonstrated their

individual circumstances render Covid-19 an extraordinary and compelling basis for release. *See, e.g., United States Palmer*, 8:13-cr-00623-PWG-2, WL 3212586, at *3 (D. Md. Jul. 29, 2021) (sickle cell disease, deep vein thrombosis, and pulmonary embolism, combined with the medical issues and unknowns of COVID-19, even once vaccinated, established "extraordinary and compelling reasons" for compassionate release).

Elliott has failed to meet the threshold requirement of exhaustion: He has presented no evidence besides his own say-so that he exhausted his administrative remedies. *See United States v. Holloway*, Crim. No. DKC-13-052502, 2020 WL 5407812, 1-2 (D. Md. Sept. 9, 2020) (denying compassionate release where contents of request to warden required for exhaustion purposes not before the court). More substantively, he has provided no information as to his risks related to Covid that might justify release, and he has therefore failed entirely to meet his burden to demonstrate "extraordinary and compelling circumstances." *See United States v. Roberts*, Crim. No. CCB-09-539, 2021 WL 2000479, 1 (D. Md. May 19, 2021) (denying compassionate release sought based on risk of Covid due to outbreak at detention facility without showing as to defendant's particular vulnerability). To grant Elliott compassionate release based on the scant showing he has made would be to grant a general jail delivery to every individual in custody. Having failed to show he has exhausted his administrative remedies or that there are extraordinary and compelling circumstances justifying release, Elliott's Motion for Compassionate Release is denied.

## CONCLUSION

For the foregoing reasons, Elliott's motions to appoint counsel or experts and for compassionate release (ECF Nos. 518, 519, 524, 533, 534, 551, 563, 564) are all **DENIED**.

A separate Order will **ISSUE**.


June 8, 2022

_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE